1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11  DAVID PHILLIP RUFFA,                     )
                                            )
12            Petitioner,                   )        2: 09-cv-02258-KJD-PAL
                                            )
13  vs.                                     )
                                            )        **ORDER**
14  E. K. McDANIEL, *et al.,*               )
                                            )
15            Respondents.                  )
    _____/
16

17        This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner,

18  a state prisoner, is proceeding *pro se*.   Pending before the court is respondents' motion to dismiss.

19  (Docket #10.)  Petitioner opposes the motion.  Also pending before the court is petitioner's motion

20  for discovery.  (Docket #23.)  Respondents oppose that motion.

21                            **PROCEDURAL HISTORY**

22        On January 11, 2006, the Eighth Judicial District Court entered a judgment of conviction

23  against petitioner.  Exhibit 133.  Petitioner was found guilty of the crimes of first-degree kidnapping,

24  third degree arson, and first degree murder.  *Id.*  The court sentenced petitioner to two concurrent

25  terms of life without the possibility of parole and one term of nineteen to forty-eight months to be

26  served concurrently with his other sentences.  *Id.*

1         Prior to the formal entry of his judgment of conviction, petitioner filed a notice of appeal to

2 the Nevada Supreme Court. Exhibit 131. On January 24, 2008, the Nevada Supreme Court affirmed

3 petitioner's conviction. Exhibit 165. Remittitur issued on February 19, 2008. Exhibit 166.

4         Petitioner filed a post-conviction petition for writ of habeas corpus with the state district

5 court on March 28, 2008. Exhibit 167. The court orally denied the petition at a hearing held July

6 29, 2008. *See* Exhibit 174. On August 18, 2008, petitioner filed a notice of appeal to the Nevada

7 Supreme Court. Exhibit 171. On September 8, 2008, the state district court entered its findings of

8 fact, conclusions of law and order denying the petition. Exhibit 176. On August 21, 2009, the

9 Nevada Supreme Court entered an order affirming the denial of petitioner's petition for writ of

10 habeas corpus. Exhibit 186. Remittitur issued on November 17, 2009.

11         This court received the present petition on November 25, 2009. (Docket #1.) Respondents

12 have moved to dismiss the petition. (Docket #10.) Petitioner opposes the motion. (Docket #21.)

13 Petitioner has also filed a motion for discovery, which respondents oppose. (Docket #23 and #25.)

14                                        **LEGAL STANDARD**

15         The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

16 provides the legal standard for the Court's consideration of this habeas petition:

17                      An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court shall not be
18        granted with respect to any claim that was adjudicated on the merits in
State court proceedings unless the adjudication of the claim –

19

20                      (1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

21

22                      (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the
State court proceeding.

23

24         The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

25 in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

26 to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court

1   decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C.

2   § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme

3   Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

4   a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

5   Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529

6   U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

7        A state court decision is an unreasonable application of clearly established Supreme Court

8   precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

9   governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

10  principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

11  529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more

12  than merely incorrect or erroneous; the state court's application of clearly established federal law

13  must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

14       In determining whether a state court decision is contrary to, or an unreasonable application of

15  federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501

16  U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert.*

17  *denied*, 534 U.S. 944 (2001).

18       Moreover, "a determination of a factual issue made by a State court shall be presumed to be

19  correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by

20  clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

21       Respondents move to dismiss this petition on the ground that it contains unexhausted claims

22  and claims that are procedurally barred. Rule 4 of the Rules Governing Section 2254 Cases allows a

23  district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits

24  annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory

25  Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to

26  exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a

formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss

as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  *See, e.g.,*

*O'Bremski v. Maass*, 915 F.2d 418, 420 (1991); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir.

1989); *Hillery v. Pulley*, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules

Governing Section 2254 Cases and case law, the court will review respondents' motion to dismiss

pursuant to its authority under Rule 4.

## DISCUSSION

<u>Motion for Discovery</u>

Petitioner has filed a motion for discovery, seeking the following:

(1) All files, records, reports lists and tests results showing each and every individual tested or sought to be tested for DNA comparison as an indication of the prosecution's commitment to the belief that the recovered DNA belonged to the killer.

(2) All traffic cam, security or surveillance recordings impounded or examined from and near the victim's place of employment, the Joker's Wild Casino, the subject convenience store, and the location where the victim's automobile was discovered;

(3) Depositions of each prosecutor who directly or indirectly argued, supported or at anytime advanced the theory that the DNA recovered from or under the victim's fingernails identified her killer and ultimately exonerated Petitioner.

(4) Production of the photographed but unaccounted for steering-wheel-club (lock) for fingerprint and DNA analysis.

(Docket #23, p. 1.)

"The writ of habeas corpus is not a proceeding in the original criminal prosecution but an

independent civil suit." *Riddle v. Dyche*, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See, e.g.*

*Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting).

However, modern habeas corpus procedure has the same function as an ordinary appeal. *Anderson v.*

*Butler*, 886 F.2d 111, 113 (5th Cir. 1989); *O'Neal v. McAnnich*, 513 U.S. 440, 442, 115 S.Ct. 992

(1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal

trials"(emphasis omitted)).  A habeas proceeding does not proceed to "trial" and unlike other civil

litigation, a habeas corpus petitioner is not entitled to broad discovery.  *Bracy v. Gramley*, 520 U.S.

899, 117 S.Ct. 1793, 1796-97 (1997); *Harris v. Nelson*, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89

(1969).  Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause.  *Bracy*, 117 S.Ct. 1793, 1797; *McDaniel v. United States Dist. Court (Jones)*, 127 F.3d 886, 888 (9th Cir. 1997); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.   The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery provisions.  Rule 6, Advisory Committee Notes (quoting *Harris*, 394 U.S. at295, 89 S.Ct. at 1089).

Petitioner provides no explanation as to why he seeks discovery, and the court fails to see the significance of this information in relation to the pending motion to dismiss on exhaustion and procedural default grounds.  The discovery mechanism is not available to petitioner to obtain evidence in support of his innocence.  *Calderon v. U.S.D.C. (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir.1996) (*quoting Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.1970) (discovery not meant to be a fishing expedition for habeas petitioners to "explore their case in search of its existence.").   Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Petitioner has presented nothing to show that granting the discovery he seeks will enable him to meet that standard.  Accordingly, petitioner's motion for discovery will be denied.

<u>Ground One</u>

Respondents move to dismiss ground one on the ground that it is unexhausted.  In ground one petitioner alleges that his conviction and/or sentence is unconstitutional based on the violation of his Sixth Amendment right to effective assistance of counsel.  Petitioner claims that trial counsel was ineffective for many different reasons, alleging the following:

1   (A)    Defense counsel was unprepared for a change in the prosecution's theory regarding the DNA
2          evidence located under the victim's fingernails;
3   (B)    Defense counsel failed to conduct a forensic examination of the victim;
4   (C)    Defense counsel failed to obtain live testimony of Corrian Stevens and Andrea Collins;
5   (D)    Defense counsel failed to elicit through testimony that the State had entered into agreements
6          with witnesses Trujilla and Sandilla;
7   (E)    Defense counsel failed to secure testimony of Beverly Cowel;
8   (F)    Defense counsel failed to object to the jury instruction regarding prior convictions;
9   (G)    Defense counsel failed to object to testimony provided by a fingerprint expert;
10  (H)    Defense counsel failed to adequately protect petitioner from judicial bias;
11  (I)    Defense counsel expressed to petitioner's mother a desire not to identify the real killer for
12         fear it could negatively impact petitioner;
13  (J)    Defense counsel neglected a water bottle that could have contained DNA evidence;
14  (K)    Defense counsel failed to fingerprint a steering wheel lock located in the victim's car; and
15  (L)    Appellate counsel failed to challenge sufficiency of the evidence on direct appeal.
16  (Docket #2, p. 3.)

17          A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
18  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The
19  exhaustion doctrine is based on comity to the state court and gives the state court the initial
20  opportunity to correct the state's alleged constitutional deprivations.  *Coleman v. Thompson*, 501
21  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198,
22  1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

23          A petitioner can satisfy the exhaustion requirement by providing the highest state court with
24  "a full and fair opportunity to consider and resolve the federal claims." *Sandgathe v. Maass*, 314
25  F.3d 371, 371 (9th Cir. 2002), *citing  Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995)
26  *Duncan v. Henry*, 513 U.S. at  365, 115 S.Ct. at 888 (legal basis); *Kenney v. Tamayo-Reyes*, 504

U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).  Additionally, the petitioner must have

specifically told the state court that he was raising a federal constitutional claim.  *Duncan*, 513 U.S.

at 365-66, 115 S.Ct. at 888; *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir.1998).  A petitioner can

accomplish this by explicitly citing federal law or the decisions of the federal courts.  *Sandgathe*, 314

F.3d at 376.  "General appeals to broad constitutional principles, such as due process, equal

protection, and the right to a fair trial, are insufficient to establish exhaustion."  *Hiivala v. Wood*, 195

F.3d 1098, 1106 (9th Cir. 1999); *see Anderson v. Harless*, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)

(exhaustion requirement not satisfied under circumstance that the "due process ramifications" of an

argument might be "self-evident.").  However, the Ninth Circuit has held that "for purposes of

exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose

as a citation to a federal case analyzing such an issue."  *Peterson v. Lampert*, 319 F.3d 1153, 1158

(9th Cir. 2003).  Further, the Ninth Circuit has held that even if a petitioner did not raise a

constitutional issue in a manner which would otherwise be deemed sufficient, the claim is exhausted

if the state court actually considered and decided the issue.  *Sandgathe* , 314 F.3d at 376-77.

In his state post-conviction habeas proceeding, petitioner addressed the ineffective assistance

of counsel in ground five of his Nevada Supreme Court opening brief.  Exhibit 184, p. 12.

Petitioner's entire argument in support of his claim of ineffective assistance of counsel at trial and on

appeal was as follows:

> To the extent the evidence against Appellant is seen as overwhelming, his only hope would have been to take the stand and directly rebut the evidence.  Defense counsel, however, failed to put Appellant on the stand and do so for the futile reason of protecting his credibility.  Counsel was convinced that Appellant would be acquitted because of the favorable DNA test results.  Counsel failed to secure the testimony of 3 witnesses to support the theory that someone else killed the victim because defense counsel thought the State would call those witnesses.  Counsel did not object to evidence that Appellant tried to hire someone to commit the crimes and failed to secure limiting instructions to ensure that Appellant was not erroneously convicted on a complicity theory.  Appellant counsel focused on a speedy trial claim, did not challenge the sufficiency of the evidence, did not object to the State's mischaracterization of material evidence or the withholding of favorable evidence or consider a verdict based on a complicity theory.  Counsel failed entirely to subject the state's case to meaningful adversarial testing from which prejudice is presumed under Strickland v. Washington, 466 U.S. 668 (1984).  In the absence thereof, the result would probably have been different.

1   Exhibit 184, p. 12.

2          As respondents argue, the only claims relating to ineffective assistance which petitioner now

3   raise which he also raised in his state petition are claims C, E and L.  In his opening brief before the

4   Nevada Supreme Court, petitioner claimed that counsel "failed to secure the testimony of 3 witnesses

5   to support the theory that someone else killed the victim."  However, in his federal petition,

6   petitioner now alleges in claims C and E that counsel was ineffective for failing to secure the

7   testimony of Corrian Stevens, Andrea Collins and Beverly Cowel.  Petitioner did not provide that

8   level of factual detail to the Nevada Supreme Court.  This court thus concludes that petitioner did not

9   provide the Nevada Supreme Court with the  factual legal basis for counts C and E and L.   Thus,

10   these claims, as well as the rest of ground one, are not exhausted.

11   Ground Four

12          Respondents also move to dismiss ground four on the basis that it is not exhausted.  In

13   ground four, petitioner alleges that he was deprived of his Sixth Amendment right to a speedy trial.

14   (Docket #2, p. 9.)  He alleges numerous facts in support of this allegation, beginning with the

15   allegation that the State constructively delayed trail by waiting until 10 days before trial to request a

16   buccal swab test, knowing that petitioner would object.  *Id*.  Petitioner claims that the State thereby

17   gained a tactical advantage because during the delay, his mother, Mary Kravetz, became ill and

18   unable to "fairly bolster his alibi defense."  *Id*.  He also claims that another witness, Beverly

19   Crowell, became ill, and was unable to testify as to the criminal activity of witnesses Sandilla and

20   Trujillo.  *Id*.  Finally, petitioner claims during approximately 7 total delays, the physical and

21   psychological health of another alibi witness, Leo Kravetz, was impaired, affecting his demeanor and

22   credibility, and impinging on petitioner's right to a fair trial.  *Id*.

23          Petitioner also contended that his right to a speedy trial was violated in his direct appeal to

24   the Nevada Supreme Court.  Exhibit 155 at 50-55.  However, he did not mention Mary Kravetz or

25   Beverly Crowell.  He claimed only that due to the delays in his trial, Leo Kravitz's memory of events

26   and time frame was limited.  *Id*. at 53.  Petitioner claimed that Kravitz's credibility with the jury was

impaired. *Id.*

The court finds that, as respondents argue, petitioner has now added substantial additional factual claims to bolster his allegation of deprivation of his right to a speedy trial that were not presented to the Nevada Supreme Court.  Because petitioner did not provide the factual basis of his present ground for relief to the state high court, his fourth ground for relief is unexhausted.

Grounds Two and Three

Respondents move to dismiss grounds two and three of the petition on the ground that they are procedurally barred.  In ground two, petitioner alleges a violation of his Fourteenth Amendment right to due process, based on the State changing its theory of the case.  In ground three, petitioner alleges a violation of his Fourteenth Amendment right to due process based on a claim of insufficient evidence to support his murder conviction.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.

9

*Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have

prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

> With respect to the prejudice prong of cause and prejudice, the petitioner bears:
> the burden of showing not merely that the errors [complained of] constituted a
> possibility of prejudice, but that they worked to his actual and substantial
> disadvantage, infecting his entire [proceeding] with errors of constitutional
> dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170

(1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner

suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d

528, 530 n.3 (9th Cir. 1988).

In addition, a petitioner can avoid the application of the procedural default doctrine by

demonstrating that the federal court's failure to consider his claims will result in a fundamental

miscarriage of justice.  To prove a "fundamental miscarriage of justice," petitioner must show that

the constitutional error of which he complains "has probably resulted in the conviction of one who is

actually innocent."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*,

477 U.S. at 496).

In ground two of his present federal petition, petitioner contends that the State impermissibly

changed its theory of the case in violation of his rights under the Fourteenth Amendment.

Respondents claim that this contention was presented in petitioner's state petition, and found to be

barred by the Nevada Supreme Court, citing Exhibit 185, p. 9.  They conclude that the contention is

therefore procedurally barred.  Respondents are mistaken.  In ground one of his appeal from the

denial of his state post-conviction petition for writ of habeas corpus, petitioner contended that the

State impermissibly changed its theory of the case in regard to the importance of the DNA evidence,

in violation of his Fourteenth Amendment rights.  Exhibit 184, p. 7.  Thus, petitioner did present

what is his current ground two to the Nevada Supreme Court.   However, the Nevada Supreme Court

did not address that contention in its opinion.  It addressed only one of petitioner's contentions

1
2
3
4
5
6
7
8

involving DNA, the contention the State withheld and hid material DNA evidence favorable to petitioner.  Exhibit 185, p. 9.  The court stated: "[w]ith respect to appellant's claim related to the State's withholding DNA evidence, this court concluded on direct appeal that appellant's due process rights were not violated by any of the State's alleged actions regarding the evidence.  This conclusion is law of the case, and may not now be disturbed." *Id*.  This language does not address what was ground one in petitioner's appeal and is now ground two in his federal petition: the contention that the State impermissibly changed its theory of the case.  Accordingly, this court will deny respondents' motion to dismiss ground two on the basis that it is procedurally barred.

9
10
11
12

In ground three of his present petition, petitioner contends that the State presented insufficient evidence to support his murder conviction.  Petitioner presented this contention in ground two of his appeal from the denial of his state post-conviction petition for writ of habeas corpus.  Exhibit 184, p. 10.

13
14
15
16
17
18
19

In affirming the decision of the district court denying the post-conviction petition for writ of habeas corpus, the Nevada Supreme Court denied this contention, along with several others, on the ground that petitioner could have raised them on direct appeal, and did not show good cause for his failure to do so, citing NRS 34.810(1)(b)(3) and NRS 34.810(3).  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground.[1]  *Vang v. Nevada*, 329 F.3d

20
21
22
23
24
25
26

[1]  NRS 34.810 provides in part as follows:

    1. The court shall dismiss a petition if the court determines that:
    (a) The petitioner's conviction was upon a plea of guilty or guilty but mentally ill and the petition is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea was entered without effective assistance of counsel.
    (b) The petitioner's conviction was the result of a trial and the grounds for the petition could have been:
        (1) Presented to the trial court;
        (2) Raised in a direct appeal or a prior petition for a writ of habeas corpus or postconviction relief; or
        (3) Raised in any other proceeding that the petitioner has taken to secure relief from his conviction and sentence, unless the court finds both cause for the failure to present the grounds and actual prejudice to the petitioner.

1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

The court therefore finds that ground three is procedurally barred.

      In opposition to respondents' motion to dismiss, petitioner filed points and authorities and numerous exhibits.  In his points and authorities, petitioner argues that the affidavits and exhibits he filed are sufficient to create material issues of fact so as to make summary judgment inappropriate. This argument is meaningless, as respondents have filed a motion to dismiss, not a motion for summary judgment.  Petitioner has not responded to any of the arguments raised by respondents, and therefore has not provided any basis on which this court could excuse exhaustion or procedural default.

      **IT IS THEREFORE ORDERED** that petitioner's motion for discovery is **DENIED**. (Docket #23.)

      **IT IS FURTHER ORDERED** that respondents' motion to dismiss is **GRANTED in part and DENIED in part.**  (Docket #10.)

      **IT IS FURTHER ORDERED** that respondents' motion to dismiss is **DENIED** as to ground two.  Ground two is not procedurally barred.   Respondents having failed to present any meritorious basis for its dismissal, ground two may go forward.

      **IT IS FURTHER ORDERED** that respondents' motion to dismiss is **GRANTED** as to ground three.  Ground three is procedurally barred.

      The court has found grounds one and four of the petition to be unexhausted in state court. Consequently, the court finds the petition in this action to be a "mixed" petition -- one containing both claims exhausted in state court and claims not exhausted in state court.  As such, the entire petition is subject to dismissal, unless petitioner elects to abandon the unexhausted claims.  *See Rose*

1   *v. Lundy*, 455 U.S. 509, 521-22 (1982);  *Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir.1983).

2           In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon

3   the discretion of this court to facilitate habeas petitioners' return to state court to exhaust claims.

4   The *Rhines* Court stated:

5           [S]tay and abeyance should be available only in limited circumstances.

6           Because granting a stay effectively excuses a petitioner's failure to present
            his claims first to the state courts, stay and abeyance is only appropriate

7           when the district court determines there was good cause for the petitioner's
            failure to exhaust his claims first in state court.  Moreover, even if a

8           petitioner had good cause for that failure, the district court would abuse its
            discretion if it were to grant him a stay when his unexhausted claims are

9           plainly meritless.  *Cf.*  28 U.S.C.  § 2254(b)(2) ("An  application for a writ
            of habeas corpus may be denied on the merits, notwithstanding the failure

10          of the applicant to exhaust the remedies available in the courts of the
            State").

11

12  *Rhines*, 544 U.S. at 277.

13          However, in view of *Rhines*, before the court determines how to handle petitioner's mixed

14  petition, the court will grant petitioner an opportunity to show good cause for his failure to exhaust

15  his unexhausted claims in state court, and to present argument regarding the question whether or not

16  his unexhausted claims are plainly meritless.  Respondent will be granted an opportunity to respond,

17  and petitioner to reply.

18          Alternatively, petitioner may advise the court of his desire to abandon the unexhausted claims

19  by filing with the court a sworn declaration of abandonment, signed by the petitioner, himself.

20          **IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of

21  entry of this order to show good cause for his failure to exhaust his unexhausted claims in state court,

22  and to present argument regarding the question whether or not his unexhausted claims are plainly

23  meritless.  Respondents shall thereafter have twenty (20) days to respond.  Petitioner shall thereafter

24  have fifteen (15) days to reply.

25          **IT IS FURTHER ORDERED** that alternatively, petitioner may advise the Court of his

26  desire to abandon the unexhausted claims (grounds one and four) by filing a sworn declaration of

                                                    13

abandonment, signed by the petitioner, himself.  This declaration shall be filed within the thirty days allowed to show cause for non-exhaustion.   If petitioner chooses to abandon the unexhausted claims (grounds one and four), this case shall go forward on ground two only.

DATED: November 10, 2010

_____
UNITED STATES DISTRICT JUDGE