UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID PHILLIP RUFFA,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　　　 )　　2:09-cv-02258-KJD-PAL
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)　　**ORDER**
E. K. McDANIEL, *et al.,*　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Respondents.　　　　　　　　)
_____/

　　　　This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. The court previously entered an order granting in part and denying in part respondents' motion to dismiss and denying petitioner's motion for discovery. (ECF No. 26.) The court found ground three to be procedurally defaulted. (*Id*.) The court also found grounds one and four to be unexhausted. (*Id*.) In ground one, petitioner raises claims of ineffective assistance of counsel. (*Id*.) In ground four, petitioner claims that he was deprived of his right to a speedy trial. (*Id*.) The court gave petitioner various options as to how he could proceed in his case with regard to his unexhausted claims, including granting him "an opportunity to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless." (*Id*.)

Petitioner filed a response to the order to show cause. (ECF No. 27.) Respondents filed a response to petitioner's response (ECF No. 28), and petitioner replied (ECF No. 29). In the first section of his response, petitioner presents a discussion of why he seeks discovery. This is irrelevant to the issue petitioner was required to address in response to the court's order to show cause, *i.e.*, why he did not exhaust grounds one and four before filing his petition in this court. Petitioner next presents an argument that he received ineffective assistance of counsel both at trial and on appeal. Again, this is irrelevant. Exhaustion, not the merits of the claims, is what was to be addressed by petitioner in response to the order to show cause.

In his response to the court's order to show cause, petitioner presents one responsive argument. He argues that any failure to raise claims on direct appeal is the fault of his appellate counsel and cannot be attributed to him. Petitioner asserts that he attempted to have his appellate counsel removed and that he attempted to file a motion on his own but that the clerk refused to file it because he was represented by counsel.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held that a federal district court may stay a mixed petition—a petition containing both exhausted and unexhausted claims—in "limited circumstances," so that a petitioner may present his unexhausted claims to the state courts without losing his right to federal habeas review due to the one-year statute of limitations. *Rhines*, 544 U.S. at 273-75. Under *Rhines*, a district court may stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Id.* at 278; *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008).

Because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") aims to encourage the finality of state court judgments and to encourage petitioners to seek relief from state courts in the first instance, a stay and abeyance is only available in "limited circumstances." *Rhines*, 544 U.S. at 276-77. Although the precise contours of "good cause" under *Rhines* have yet to be delineated, the Ninth Circuit Court of Appeals has held that the application of an "extraordinary circumstances"

2

standard does not comport with the "good cause" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). On the other hand, the "good cause" requirement should not be interpreted in a manner that renders stay orders routine. *Wooten*, 540 F.3d at 1024. Thus, a mere impression by a petitioner that a claim was exhausted is not sufficient to establish good cause for a failure to exhaust, because if it were, "virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay." *Id.* (emphasis in original).

As discussed above, in ground one, petitioner raises claims of ineffective assistance of counsel. In ground four, petitioner claims that he was deprived of his right to a speedy trial.

As to ground one, petitioner's argument concerning the deficiency of appellate counsel is insufficient to show good cause because, generally, in Nevada state courts, claims of ineffective assistance of counsel are properly raised in a post-conviction petition and not on direct appeal. *See Archanian v. State*, 122 Nev. 1019, 1036, 145 P.3d 1008, 1020-21 (2006) ("This court has repeatedly declined to consider ineffective-assistance-of-counsel claims on direct appeal unless the district court has held an evidentiary hearing on the matter or an evidentiary hearing would be needless."). Thus, the failure of petitioner's counsel to raise claims of ineffective assistance of counsel on direct appeal does not constitute "good cause" for petitioner's failure to exhaust ground one.

Additionally, petitioner's sparse argument is insufficient to show good cause for his failure to exhaust ground four. Petitioner claims that if any issues were not raised on direct appeal, his counsel bears the blame. In its order finding ground four unexhausted, this court concluded that the claim was unexhausted because petitioner had failed to present the same factual basis for the claim to the state courts that he now presents in his federal petition. Petitioner baldly states that he is not responsible for his counsel's mistakes and that any deficiency was the fault of counsel. Petitioner fails to provide sufficient detail regarding his efforts to have the same factual basis of ground four raised on direct appeal in state court. Within the procedural default context, allegations of external interference with a petitioner's ability to present a claim may support a finding of cause excusing procedural default. *Manning v. Foster*, 224 F.3d 1129, 1135 (9th Cir. 2000) (holding that an attorney's interference with a

petition due to a conflict of interest can support cause excusing a procedural default). In this case, however, petitioner does not argue that counsel interfered with his ability to present the factual detail he now presents in ground four. Rather, petitioner appears to generally argue that any deficiency at all is the fault of counsel. Petitioner fails to tailor his argument with any specificity as to ground four, and consequently, he fails to show good cause. Accordingly, the court concludes that petitioner has failed to show good cause to support a stay of this case under *Rhines v. Weber*, 544 U.S. 269 (2005).

Because the petition in this case is a mixed petition—a petition containing both unexhausted and exhausted claims—and the court has determined that a stay is not warranted, petitioner will be provided with an opportunity to choose how he wishes to proceed.

*Rhines* contains a clear statement as to the treatment of a mixed petition when a stay is not warranted:

> . . . [I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. See [*Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), ] . . . (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Rhines*, 544 U.S. at 278. Therefore, petitioner will be provided the opportunity to abandon his unexhausted claims. If he does so, this case will proceed on his remaining exhausted claims. If he does not abandon his unexhausted claims, his entire petition shall be dismissed under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

**IT IS THEREFORE ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this order within which to file a notice of abandonment of unexhausted claims, indicating that ground one and ground four are to be deleted from his petition.

**IT IS FURTHER ORDERED** that, if petitioner does not abandon his unexhausted claims within the time allowed, the petition shall be dismissed under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

**IT IS FURTHER ORDERED** that if petitioner abandons his unexhausted claims within the time allowed, respondents shall have **forty five (45) days** from the date the notice of abandonment is filed within which to answer the remaining ground in the petition.

**IT IS FURTHER ORDERED** that petitioner shall have **forty five (45) days** after service of the answer to file and serve a reply.

DATED: May 23, 2012

_____
UNITED STATES DISTRICT JUDGE