UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID PHILLIP RUFFA,            )
                                )
       Petitioner,              )   2:09-cv-02258-KJD-PAL
                                )
vs.                             )
                                )   **ORDER**
E. K. McDANIEL, *et al.,*       )
                                )
       Respondents.            )
_____/

       This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. The court previously entered an order granting in part and denying in part respondents' motion to dismiss and denying petitioner's motion for discovery. (ECF No. 26.) The court found ground three to be procedurally defaulted. (*Id.*) The court also found grounds one and four to be unexhausted. (*Id.*) In ground one, petitioner raises claims of ineffective assistance of counsel. (*Id.*) In ground four, petitioner claims that he was deprived of his right to a speedy trial. (*Id.*) The court gave petitioner various options as to how he could proceed in his case with regard to his unexhausted claims, including granting him "an opportunity to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless." (*Id.*)

On May 24, 2012, the court concluded that petitioner failed to show good cause for failing to exhaust his unexhausted claims and that a stay of this case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), was inappropriate. (ECF No. 31.) The court provided petitioner the opportunity to abandon his unexhausted claims and cautioned him that if he did not abandon his unexhausted claims, his entire petition would be dismissed under *Rose v. Lundy*, 455 U.S. 509 (1982). (*Id.*)

On June 4, 2012, petitioner responded to the court's order and expressly stated that he would not abandon his unexhausted claims. (ECF No. 32.) Accordingly, the court dismisses the entire petition pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition (ECF No. 2) is **DISMISSED without prejudice** pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED: October 31, 2012

_____
UNITED STATES DISTRICT JUDGE